Anthony W. Austin, Esq., NV Bar No. 10850
Kendall M. Lovell, Esq., NV Bar No. 15590
**FENNEMORE CRAIG, P.C.**
9275 W. Russell Rd., Suite 240
Las Vegas, Nevada 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: aaustin@fennemorelaw.com
Email: klovell@fennemorelaw.com

K. Elizabeth Sieg (admitted *pro hac vice*)
Benjamin J. Sitter (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, Virginia 23219
Telephone: 804.775.1000
Email: bsieg@mcguirewoods.com
Email: bsitter@mcguirewoods.com

*Attorneys for Navient Solutions, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTINA FENNELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>Defendant. | Case No. 2:22-cv-01013-CDS-NJK<br><br>**DEFENDANT NAVIENT SOLUTIONS, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

**TABLE OF CONTENTS**

**Page**

I.    Introduction ................................................................................................................... 1

II.   Argument ...................................................................................................................... 2

     A.    Plaintiff Effectively Concedes That All Claims Aside From Her Bankruptcy Discharge Injunction Violation Claim Are Arbitrable ............................................ 2

     B.    Plaintiff's Bankruptcy Discharge Injunction Claim Is Arbitrable Because Plaintiff Is Not Seeking the Enforcement Of Her Injunction By The Issuing Bankruptcy Court ................................................................................................... 3

     C.    Plaintiff's Arbitration Agreement Does Not Inherently Conflict With The Purposes Of The Bankruptcy Code .......................................................................... 6

     D.    There Is An Express Agreement To Arbitrate Between The Parties ..................... 10

III.  Conclusion .................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

- **Cases**

*Adams v. AT & T Mobility, LLC,*
    524 F. App'x 322 (9th Cir. 2013) ................................................................................. 10

*Alderwoods Grp., Inc. v. Garcia,*
    682 F.3d 958 (11th Cir. 2012) .................................................................................. 4, 5

*Allen v. Equifax Info. Servs., LLC,*
    No. 3:17-CV-211-DJH-CHL, 2017 WL 5762414 (W.D. Ky. Nov. 28, 2017) ......................... 9

*Barrett v. Avco Fin. Srvs. Mgmt. Co.,*
    292 B.R. 1 (D. Mass. 2003) ........................................................................................... 4

*Barrientos v. Wells Fargo Bank, N.A.,*
    633 F.3d 1186 (9th Cir. 2011) ....................................................................................... 4

*Bigelow v. Green Tree Fin. Servicing Corp.,*
    No. CV-99-6644, 2000 WL 33596476 (E.D. Cal. Nov. 30, 2000) ................................. 9

*Chavez v. Get It Now, LLC,*
    No. 17-1490, 2018 WL 461130 (D. Minn. Jan. 16, 2018) ............................................. 7

*Dillon v. BMO Harris Bank, N.A.,*
    173 F. Supp. 3d 258 (M.D.N.C. Mar. 23, 2016) .......................................................... 11

*Gadomski v. Wells Fargo Bank N.A.,*
    281 F. Supp. 3d 1015 (E.D. Cal. 2018) ......................................................................... 9

*Galbraith v. Resurgent Capital Servs.,*
    No. 05-2133 KJM, 2006 WL 2990163 (E.D. Cal. Oct. 19, 2006) ............................... 10

*Green Tree Servicing, LLC v. Brough,*
    930 N.E.2d 1238 (Ind. App. Ct. 2010) .......................................................................... 9

*Harrier v. Verizon Wireless,*
    903 F. Supp. 2d 1281 (M.D. Fla. 2012) ........................................................................ 8

*Hart v. Charter Commc'ns, Inc.,*
    814 F. App'x 211 (9th Cir. 2020) ................................................................................ 10

*In re Anderson,*
    884 F.3d 382 (2nd Cir. 2018) ............................................................................... 3, 4, 6

*In re Crocker,*
    941 F.3d 206 (5th Cir. 2019) ......................................................................................... 4

*In re Eber,*
  687 F.3d 1123 (9th Cir. 2012) .................................................................................... 3, 8

*In re EDP,*
  821 F. 3d 1146 (9th Cir. 2016) ....................................................................................... 7

*In re Farmer,*
  567 B.R. 895 (W.D. Wash. 2017) ............................................................................... 3, 8

*In re Jorge,*
  568 B.R. 25 (Bankr. N.D. Ohio 2017) ........................................................................ 4, 8

*In re McLean,*
  794 F.3d 1313 (11th Cir. 2015) ................................................................................... 4, 5

*In re Thorpe Insulation Co.,*
  671 F.3d 1011 (9th Cir. 2012) .................................................................................... 3, 7

*In re Williams,*
  564 B.R. 770 (Bankr. S.D. Fla. 2017) ............................................................................. 9

*Int'l Union, United Mine Workers of Am. v. Bagwell,*
  512 U.S. 821 (1994) ........................................................................................................ 5

*Jenkins v. Fifth Third Bank,*
  No. 1:16-cv-976, 2017 WL 3605357 (S.D. Ohio Aug. 22, 2017) ................................... 9

*Jernstad v. Green Tree Servicing, LLC,*
  No. 11-cv-7974, 2012 WL 8169889 (N.D. Ill. Aug. 2, 2012) ..................................... 7, 8

*Leman v. Krentler-Arnold Hinge Last Co.,*
  284 U.S. 448 (1932) ........................................................................................................ 4

*MBNA American Bank, N.A. v. Hill,*
  436 F.3d 104 (2d Cir. 2006) ............................................................................................ 9

*Shearson/Am. Express Inc. v. McMahon,*
  482 U.S. 220 (1987) ........................................................................................................ 6

*Taggart v. Lorenzen,*
  139 S. Ct. 1795 (2019) .................................................................................................... 4

*Tech & Intellectual Prop. Strategies Grp. PC v. Insperity, Inc.,*
  No. 12-3163 LHK, 2012 WL 6001098 (N.D. Cal. Nov. 29, 2012) ............................... 10

*Toledo Scale Co. v. Computing Scale Co.,*
  261 U.S. 399 (1923) ........................................................................................................ 5

*Waffenschmidt v. Mackay,*
  763 F.2d 711 (5th Cir. 1985) ...................................................................................... 4, 5

*Wilson v. United States,*
    26 F.2d 215 (8th Cir. 1928) ................................................................................................ 4

Navient Solutions, LLC ("Navient") submits this Reply in Support of its Motion to Compel Arbitration ("Motion") and in response to Plaintiff's Opposition (the "Opposition") states as follows:

## I. INTRODUCTION

Plaintiff's Opposition (ECF 32) fails to raise a single argument that invalidates the binding arbitration agreements that Plaintiff has with Navient pursuant to the Federal Arbitration Act and Colorado state law. Plaintiff executed five Creative Education Loan Promissory Notes ("Agreements") that all contain arbitration provisions. *See* ECFs 20, 22. Pursuant to the Agreements, Plaintiff expressly agreed "to arbitrate [] any legal claim, dispute or controversy between [Navient] and [Plaintiff] that arises from or relates in any way to this Note. . . ." *Id*. In this case, Plaintiff asserts four causes of action against Navient, all of which relate to the Agreements between Plaintiff and Navient, and all of which are subject to mandatory arbitration.

In her Opposition, Plaintiff argues that she should not be compelled to arbitrate as required by her Agreements because they conflict with the purposes of the Bankruptcy Code, and because Navient "failed to prove the existence of an agreement to arbitrate between the parties." *See* ECF 32 at 10. Both arguments fail.

As an initial matter, Plaintiff does not contest—and effectively concedes—that all of her claims aside from her bankruptcy discharge injunction claim are arbitrable. Plaintiff argues only that her bankruptcy discharge injunction claim is not arbitrable because there is an inherent conflict between arbitration of that claim and the Bankruptcy Code. Plaintiff's argument that her bankruptcy discharge claim is not arbitrable lacks merit. While some courts have held that the ***bankruptcy court that issued the discharge injunction*** may exercise its ***discretion*** to decline to allow arbitration of a discharge-violation claim, that authority does nothing to support Plaintiff's argument that her claim should not be sent to arbitration. Plaintiff's discharge injunction issued from the Bankruptcy Court for the United States District Court for District of Colorado. Plaintiff did not bring her claim before the bankruptcy court that issued her injunction, or even before the same district court. In fact, Plaintiff brings her claim in an entirely different circuit from the one from which her discharge issued. Accordingly, any discretion afforded bankruptcy courts to deny

arbitration of certain core bankruptcy claims simply do not pertain to this case. Accordingly, Plaintiff's bankruptcy discharge injunction claim is subject to arbitration because Plaintiff is not seeking the enforcement of her injunction by the issuing bankruptcy court.

In any event, arbitration of Plaintiff's claims would not conflict with the purposes of the Bankruptcy Code. The purposes of the Bankruptcy Code cited by Plaintiff do not pose an irreconcilable conflict with the FAA, and therefore do not trump the strong public policy favoring arbitration. Indeed, many courts have allowed arbitration of bankruptcy claims, finding no inherent conflict between arbitrating those claims and the Bankruptcy Code. This is another such case.

Lastly, Plaintiff's claim that Navient has not established its entitlement to enforce the arbitration agreements at issue is similarly unavailing—Navient has proved the existence of an Agreement to arbitrate between the parties. Plaintiff's observation that Sallie Mae, not Navient, issued and previously serviced the loans ignores the simple and widely publicized fact that Sallie Mae Inc. changed its name to Navient in 2014. Put simply, in this context, Navient and Sallie Mae are one and the same. To remove any doubt, Navient submits a Declaration from Stephanie Box ("Box Declaration"), a true and accurate copy of which is attached hereto as **Exhibit A**, confirming that Sallie Mae changed its name to Navient and that Navient holds the notes at issue and all rights relating thereto. For these reasons, the Court should grant Navient's Motion to Compel Arbitration.

## II. ARGUMENT

### A. Plaintiff Effectively Concedes That All Claims Aside From Her Bankruptcy Discharge Injunction Violation Claim Are Arbitrable.

Aside from her bankruptcy discharge injunction violation claim under 11 U.S.C. § 524, Plaintiff's Opposition does not refute that her remaining claims are subject to arbitration. *See generally* Opposition. Rather, Plaintiff argues only that her bankruptcy discharge injunction claim is not subject to arbitration because there is an inherent conflict between arbitration of that claim and the Bankruptcy Code. *Id.* at 7-10. Plaintiff does not address how this alleged inherent conflict invalidates the arbitrability of her remaining claims, and therefore effectively concedes that her Fair

Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681, unjust enrichment, and Nevada Deceptive Trade Practices Act NRS 598 ("NDTPA") claims are subject to arbitration.

## B. Plaintiff's Bankruptcy Discharge Injunction Claim Is Arbitrable Because Plaintiff Is Not Seeking the Enforcement Of Her Injunction By The Issuing Bankruptcy Court.

Plaintiff's principal argument against arbitration is that allowing arbitration of her discharge violation claim, as a "core" bankruptcy proceeding, would inherently conflict with the underlying purposes of the Bankruptcy Code. In support of this argument, Plaintiff cites several cases in which a court has declined to enforce arbitration of bankruptcy discharge injunction claims where those claims were pending before the bankruptcy court from which the bankruptcy discharge issued. *See*, *e.g.*, Opp'n at 7-10. Plaintiff's discussion of these cases, however, fails to mention the reasoning and policy rationale by which a bankruptcy court may, in certain circumstances, exercise discretion to deny arbitration of such claims. As can be seen below, none of these policies or rationale support Plaintiff's position here.

The Ninth Circuit has held that a bankruptcy court may deny arbitration where the claims involve an "exercise of [] rights in bankruptcy [that] should be decided **by a bankruptcy judge**." *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1019 (9th Cir. 2012) (emphasis added). The Ninth Circuit affirmed the bankruptcy court's decision to deny arbitration in that case because "the nature of the allegations" were such that adjudication of the claims in "*any forum other than a bankruptcy court* would conflict with 'fundamental bankruptcy policy.'" *Id.* at 1022. The Ninth Circuit therefore agreed with the district court that plaintiff's claims 'should be resolved by a ***bankruptcy*** judge and not an arbitrator.'" *Id.* (emphasis added); *see, e.g.*, *In re Eber*, 687 F.3d 1123, 1127 (9th Cir. 2012) (holding "arbitration of dischargeability inherently conflicts with . . . the power of ***a bankruptcy court*** to enforce ***its own*** orders") (emphasis added); *In re Anderson*, 884 F.3d 382, 386 (2nd Cir. 2018) (holding "the issue strikes at the heart of ***the bankruptcy court's unique powers to enforce its own orders***") (emphasis added); *In re Farmer*, 567 B.R. 895, 900 (W.D. Wash. 2017) (concluding that arbitration "inherently conflict[ed] with the goals of centralized resolution of bankruptcy issues" and "the power of ***a bankruptcy court to enforce its own orders***"), *vacated and*

*remanded on other grounds*, No. C17-0764-JCC, 2018 WL 3640398 (W.D. Wash. May 11, 2018); *In re Jorge*, 568 B.R. 25, 36 (Bankr. N.D. Ohio 2017) (finding arbitration would "undermin[e] the **bankruptcy court's authority to enforce its orders**").

The policy justifications for this approach were discussed at length in *Anderson*, another case cited by Plaintiff. In *In re Anderson*, the Second Circuit explained that there were three justifications supporting its conclusion that the bankruptcy court did not abuse its discretion in denying arbitration: "(1) the discharge injunction is integral to **the bankruptcy court's** ability to provide debtors with the fresh start that is the very purpose of the Code; (2) the claim regards **an ongoing bankruptcy matter** that requires continuing court supervision; and (3) the equitable powers of **the bankruptcy court** to enforce **its own** injunctions are central to the structure of the Code." 884 F.3d 382, 389-90 (2d Cir. 2018) (emphasis added). As to the third justification, the Second Circuit further explained that "the bankruptcy court retains a unique expertise in interpreting its own injunctions and determining when they have been violated" and that "the bankruptcy court and that the bankruptcy court alone possesses the power and unique expertise to enforce it." *Id.* at 391.

The Second Circuit's reasoning on this issue is consistent with circuit-level and Supreme Court case law, which is unanimous in holding that the bankruptcy discharge injunction is a court-ordered injunction subject to the traditional limitations regarding enforcement of an injunction, including that only the issuing court may enforce or modify it.[1]

Indeed, it is a "well-established principle that only the court that issued an order or injunction has subject matter jurisdiction to hold in contempt a violator of that order or injunction." *Barrett v.*

---

[1] *See, e.g.*, *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) ("The bankruptcy statutes incorporate the traditional standards in equity practice for determining when a party may be held in civil contempt for violating an injunction."); *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1189 (9th Cir. 2011) ("Congress did not intend for enforcement of a discharge order to be left to any other judge than the bankruptcy judge who issued the order"); *In re Crocker*, 941 F.3d 206, 216 (5th Cir. 2019) ("[R]eturning to the issuing bankruptcy court to enforce an injunction is required at least in order to uphold respect for judicial process."); *In re McLean*, 794 F.3d 1313, 1319 n.2 (11th Cir. 2015); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012); *Waffenschmidt v. Mackay*, 763 F.2d 711, 716-17 (5th Cir. 1985) (citing, *inter alia*, *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 452 (1932) and *Wilson v. United States*, 26 F.2d 215, 218 (8th Cir. 1928)).

*Avco Fin. Srvs. Mgmt. Co.*, 292 B.R. 1, 8 (D. Mass. 2003) (collecting authorities).[2] This conclusion applies regardless of whether the plaintiff seeks a declaratory judgment, sanctions, or both. *See, e.g.*, *Alderwoods*, 682 F.3d at 969-73 (considering, *inter alia*, a declaratory judgment count and holding that the issuing court was the proper body to hear that claim); *see also McLean*, 794 F.3d at 1319-20, 1319 n.2 (describing a court's ability to enforce its own orders through contempt as jurisdictional).

Notably, Plaintiff cites no case that stands for the proposition that a district court has the discretion or jurisdiction to deny arbitration of a discharge violation claim regarding a discharge injunction issued by a bankruptcy court. Indeed, the authorities cited above and by Plaintiff all agree that the only court that has the authority to adjudicate a claim for a violation of the discharge injunction is the bankruptcy court that issued the injunction. Accordingly, Plaintiff's citations do not support the idea that this Court should deny arbitration in favor of adjudicating her bankruptcy discharge claim.

Here, Plaintiff does not seek to allow the issuing bankruptcy court to "enforce its own order." *See Waffenschmidt*, 763 F.2d at 716. She filed her bankruptcy and obtained her discharge from the U.S. Bankruptcy Court for the District of Colorado, sitting in the Tenth Circuit. She filed her case before this Court, in the Ninth Circuit. She did not seek to reopen her bankruptcy or file an adversary proceeding in the bankruptcy court that issued her injunction, which is the only court with the authority to enforce that injunction. Moreover, the nationwide class that she seeks to represent is almost entirely comprised of individuals who obtained discharges from other districts. *See* Compl. ¶ 40 (asserting nationwide claims on behalf of "persons whose 'private student loans' were incurred

---

[2] *See also, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) ("[C]ivil contempt proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct."); *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 426-27 (1923); *In re McLean*, 794 F.3d at 1318-20 ("It is settled that the court that issued the injunctive order alone possesses the power to enforce compliance with and punish contempt of that order, and this power to sanction contempt is jurisdictional.") (internal quotations and citations omitted); *Waffenschmidt*, 763 F.2d at 716 (collecting authorities and stating that "[e]nforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order").

prior to them filing bankruptcy and then these loans were subsequently discharged in their bankruptcy"). Under these circumstances, Plaintiff has provided no support for the idea that this Court has the discretion to exercise and retain jurisdiction over this case, given (a) the parties contracted to take their disputes to arbitration and (b) this Court lacks jurisdiction to adjudicate that claim in any event.

### C. Plaintiff's Arbitration Agreement Does Not Inherently Conflict With The Purposes Of The Bankruptcy Code.

While Plaintiff's arguments regarding a bankruptcy court's discretion to deny arbitration are rendered moot because she did not bring this suit before the bankruptcy court that issued her injunction, the facts in this case nevertheless do not support a finding of an "inherent conflict" with the Bankruptcy Code. A bankruptcy court has discretion to deny arbitration only if the matter involves a "core proceeding" under bankruptcy law and "the bankruptcy court determines that arbitration would create a 'severe conflict' with the purposes of the Bankruptcy Code." *See In re Anderson*, 884 F.3d at 387. While Plaintiff's discharge injunction violation claim is a "core" proceeding, Plaintiff has not met her burden of proving that the alleged "inherent conflict" is "irreconcilable" such that she could not "effectively vindicate" her claims in arbitration, in particular, because she is not proposing that the bankruptcy court adjudicate her dispute. *Shearson/Am. Express Inc. v. McMahon*, 482 U.S. 220, 241-42 (1987).

Plaintiff's own authority supports this conclusion. For instance, in *Anderson*, 884 F.3d at 390, the court found an inherent conflict because the sole discharge claim concerned an "ongoing bankruptcy matter that require[d] continuing court supervision." After plaintiff moved the bankruptcy court to reopen his bankruptcy, defendant moved to compel arbitration and stay proceedings in bankruptcy court. *Id.* There is no ongoing bankruptcy proceeding here that requires court supervision, nor has Plaintiff asked the issuing bankruptcy court to reopen her case. Rather, Plaintiff brought suit in this Court, her estate has been fully administered, and her bankruptcy proceedings have long since closed. *See, generally* Compl. In short, the circumstances that led the Second Circuit to conclude that an inherent conflict existed there are not present here.

Also inapplicable is *In re EDP*, 821 F. 3d 1146 (9th Cir. 2016), where defendant moved the bankruptcy court to compel arbitration of an adversary proceeding filed by a trustee for the estates. The Court found that arbitration of the claims would conflict with the underlying purposes of the Bankruptcy Code in that case because "resolution of those causes of action would require factual findings closely linked to the Trustee's administration of the estate." *Id.* at 1149. The Court also found persuasive the fact that the counterparty in that suit had not actually signed the arbitration agreement. Here, Plaintiff's estate has been fully administered, her bankruptcy proceedings are closed, and she concedes that she signed the agreements at issue.

Plaintiff's reliance on *In re Thorpe Insulation Co.* is similarly misplaced. *See, generally, Thorpe*, 671 F.3d at 1011. To start, *Thorpe* involved a section of the Bankruptcy Code that is not at issue here—§ 524(g), which is "unique to the asbestos context" and involves "assets and liabilities [placed] into a single trust for the benefit of asbestos claimants." *Id.* 1016, 1022. *Thorpe* held that the "management of an asbestos-related bankruptcy estate" was not arbitrable because:

> [O]nly a Bankruptcy Court should decide whether the manner in which someone has administered a bankruptcy estate gives rise to a claim for damages. In other words, the nature of the allegations were such that adjudication of Continental's claim in any forum other than a bankruptcy court would conflict with fundamental bankruptcy policy. As such, the bankruptcy court concluded that it had discretion not to send the claim to arbitration.

*Id.* at 1022 (internal citations omitted). Not only is this case factually distinguishable from *Thorpe* (Plaintiff has not brought asbestos-related claims), but the *Thorpe* court's reasoning is also inapplicable here. By filing suit in this Court, Plaintiff is not asking the issuing bankruptcy court to exercise its discretion to deny arbitration. Rather, Plaintiff seeks to have this Court adjudicate a contempt claim based upon a discharge order issued by a bankruptcy court in another federal District, a request for which there is absolutely no legal support.

Plaintiff's remaining authorities are no better. In *Jernstad v. Green Tree Servicing, LLC*, No. 11-cv-7974, 2012 WL 8169889, at *1 (N.D. Ill. Aug. 2, 2012),[3] the court dismissed plaintiff's

---

[3] Navient notes that *Jernstad*, 2012 WL 8169889 and *Chavez v. Get It Now, LLC*, No. 17-1490, 2018 WL 461130 (D. Minn. Jan. 16, 2018) are unpublished decisions from district courts in another

bankruptcy discharge injunction violation claim with an instruction to instead reopen the bankruptcy proceeding because "the sole remedy for a violation of § 524 is a contempt action brought in the bankruptcy court that issued the order of discharge." *Harrier v. Verizon Wireless*, 903 F. Supp. 2d 1281, 1283 (M.D. Fla. 2012), which is a "nearly identical factual scenario [to *Jernstad*]," is similarly inapposite.

*In re Jorge*, 568 B.R. at 29-30, is also distinguishable for several reasons. First, the court there found one named plaintiff was a non-signatory to the arbitration agreement. Here, both Plaintiff and Navient are parties to the Agreement. Second, the *Jorge* court found that the arbitration clause was no longer enforceable as to the remaining plaintiffs because the "arbitration clause [was] embedded in a contract that [was] rejected by the debtor." *Id.* at 30. Here, neither Plaintiff nor Navient have rejected the Arbitration agreement. Additionally, the *Jorge* court found arbitration was not appropriate where the debtors "properly invoked the jurisdiction of this Court to obtain the appropriate remedy for the alleged violations of the discharge injunction." *Id.* at 36. That is not true here—Plaintiff is not seeking the "appropriate remedy" from the issuing bankruptcy court.

Further, Plaintiff's citations to bankruptcy court proceedings are not applicable here. *See, e.g., In re Eber*, 687 F.3d 1123 (9th Cir. 2012) and *In re Farmer*, 567 B.R. 895 (W.D. Wash. 2017). *Eber* stems from a motion to compel an adversary proceeding in a bankruptcy court, which was denied because "arbitration of dischargeability inherently conflicts with the goals of centralized resolution of bankruptcy issues, preventing piecemeal litigation, and the power of a bankruptcy court to enforce its own orders." *Eber*, 687 F.3d at 1127. *Farmer* similarly stems from a motion to compel an adversary proceeding where the court found arbitration "inherently conflicted" with "the power of a bankruptcy court to enforce its own orders" and involved "a core matter which bankruptcy courts have special expertise to decide." *Farmer*, 567 B.R. at 900. Here, Plaintiff is

---

Circuit, which are not binding on this Court.

not asking the issuing court to enforce its own orders, nor is it asking the bankruptcy court to have jurisdiction over a "core matter" that it has the "special expertise to decide."

Lastly, numerous courts from this Circuit and elsewhere have exercised their discretion to allow arbitration of bankruptcy claims, including claims for violation of the discharge injunction.[4]

For example, in *In re Williams*, the district granted Navient's motion to compel arbitration, concluding that plaintiff's claims, which included a claim for violation of the discharge injunction (issued from that district), were subject to arbitration and did not present an inherent conflict with the Bankruptcy Code. 564 B.R. 770 (Bankr. S.D. Fla. 2017). In reaching this conclusion, the court found persuasive the facts that: "Plaintiff received a discharge in her chapter 7 bankruptcy case prior to the commencement of this adversary proceeding [such that] arbitration of the [p]laintiff's claims will not interfere with or affect the distribution of the estate and will not affect an ongoing reorganization. Arbitration does not interfere with or affect the preservation of estate assets or the determination of the priority of creditors' claims." *Id*. at 783. Moreover, the court held that "[t]he fact that the Plaintiff brought her section 523(a)(8) and section 524(a)(2) [discharge injunction]

---

[4] *See, e.g., MBNA American Bank, N.A. v. Hill*, 436 F.3d 104, 109-10 (2d Cir. 2006) (citing *Bigelow v. Green Tree Fin. Servicing Corp.*, No. CV-99-6644, 2000 WL 33596476, at *6 (E.D. Cal. Nov. 30, 2000) ("The [c]omplaint in this action was filed two years after [p]laintiff's bankruptcy was final. The causes of action do not address the liquidation of the estate nor the priority of creditor's claims. The Court perceives no adverse effect on the underlying purposes of the code from enforcing arbitration."); *Green Tree Servicing, LLC v. Brough*, 930 N.E.2d 1238, 1241-43 (Ind. App. Ct. 2010) (granting motion to compel arbitration of FCRA claim accusing defendant of "reporting to credit agencies that [plaintiff] still owed [defendant] a debt under the Contract even though the matter was discharged in bankruptcy"); *In re Williams*, 564 B.R. at 784 (granting motion to compel in a putative class action alleging violations of the discharge injunction); *Gadomski v. Wells Fargo Bank N.A.*, 281 F. Supp. 3d 1015, 1019 (E.D. Cal. 2018) ("Plaintiff's claims [under the FCRA and CCCRAA] relate solely to [d]efendant's alleged inaccurate reporting of debts . . . . [T]he Court agrees with the court's reasoning in *Mann* that 'simply enforcing a provision which defines the venue for resolving the instant dispute does not deprive [plaintiff] of [a] 'fresh start' granted by the bankruptcy code.'); *Jenkins v. Fifth Third Bank*, No. 1:16-cv-976, 2017 WL 3605357, at *5 (S.D. Ohio Aug. 22, 2017) (finding that plaintiff's FRCA claim to arbitration would not "impose any financial liability on the [p]laintiff, interfere with his 'fresh start' guaranteed by the discharge, nor otherwise conflict with the purposes of the Bankruptcy Code"); *Allen v. Equifax Info. Servs., LLC*, No. 3:17-CV-211-DJH-CHL, 2017 WL 5762414, at *4-5 (W.D. Ky. Nov. 28, 2017) ("Allen brings an FCRA claim against Credit One. Submitting this claim to arbitration will not interfere with Allen's "fresh start" or otherwise conflict with the purposes of the Bankruptcy Code.").

claims on behalf of a putative class weighs in favor of compelling arbitration." *Id.* On the question of whether an arbitrator would be equipped to adjudicate such disputes, the court observed that "[a]rbitration panels do as well" and "[t]here is no reason such matters may not be subject to arbitration." *Id.* at 783-784.

In sum, Plaintiff has not cited a single case in which a district court denied arbitration of bankruptcy discharge claims, and many courts have concluded that arbitration of such claims is appropriate.

### D.  There Is An Express Agreement To Arbitrate Between The Parties.

Plaintiff argues, alternatively, that Navient cannot compel arbitration because the parties to the arbitration agreements at issue were Plaintiff and Sallie Mae, and that Navient has not sufficiently shown that it is entitled to enforce those contracts. This argument is a red herring. Navient can enforce the purported arbitration agreement because it is the legal successor Plaintiff's Agreements with Sallie Mae. The Ninth Circuit has endorsed the ability of successors in interest to invoke arbitration. *See, e.g., Hart v. Charter Commc'ns, Inc.*, 814 F. App'x 211, 214 (9th Cir. 2020); *Adams v. AT & T Mobility, LLC*, 524 F. App'x 322, 324 (9th Cir. 2013) (holding that parent company of successor to wireless contract could invoke arbitration agreement).[5]

In 2014, the company then known as Sallie Mae, Inc. changed its name in connection with an internal corporate reorganization. Box Declaration, ¶ 7. Specifically, effective May 1, 2014, Sallie Mae, Inc. changed its name to Navient Solutions, Inc. *Id.* Effective January 31, 2017, Navient Solutions, Inc. changed its name from "Navient Solutions, Inc." to "Navient Solutions, LLC." *Id.* Put simply, Navient and Sallie Mae are one and the same, and Navient holds the ability to enforce the terms of the Agreements at issue. *Id.* ¶ 8.

---

[5] District courts within the Ninth Circuit have similarly held that a successor in interest to a party subject to an arbitration agreement may compel the other party to the agreement to arbitrate. *Tech & Intellectual Prop. Strategies Grp. PC v. Insperity, Inc.*, No. 12-3163 LHK, 2012 WL 6001098, at *10 (N.D. Cal. Nov. 29, 2012); *Galbraith v. Resurgent Capital Servs.*, No. 05-2133 KJM, 2006 WL 2990163, at *1 (E.D. Cal. Oct. 19, 2006) (finding non-signatory "successors in interest" could enforce arbitration agreements).

Plaintiff executed her arbitration Agreements with Sallie Mae before it changed its name to Navient. Box Declaration, ¶ 5. Thus, Navient can enforce Plaintiff's arbitration Agreements. *See also* ECF 22, Exhibits 2-6 (defining one party to the agreement as ("the Lender; any other subsequent holder of the note; Sallie Mae, Inc.; any Sallie Mae affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers directors and employees thereof").

Indeed, it is surprising that Plaintiff would now argue that there is any uncertainty as to whether her loans are held by Navient. In her complaint, Plaintiff affirmatively alleges that her "obligations to Navient were scheduled in the bankruptcy." Compl. ¶ 25. She alleges that "Navient is a creditor who regularly engages in the business of loaning money to former students **like Plaintiff** and other members of the Class." *Id.* at ¶ 107 (emphasis added). Perhaps most tellingly, Plaintiff did not sue Sallie Mae, she sued Navient. For Plaintiff to now suggest that there is any uncertainty as to whether Navient is the holder of her loans is misplaced.

Plaintiff's authorities also do not support her position in this regard. In *Dillon v. BMO Harris Bank, N.A.*, 173 F. Supp. 3d 258, 262 (M.D.N.C. Mar. 23, 2016), for example, the court denied arbitration because there was a lack of proof that the plaintiff had signed an arbitration agreement. *Id.* at 270. To start, here Plaintiff has a physical signature on at least one arbitration Agreement. *See* ECF 22-5. Further, Navient has presented evidence that Plaintiff signed and accepted the arbitration provision as a part of her loan agreement. *See* ECF 22, Exhibits 2-6. "If [] the lender did present an arbitration provision to [Plaintiff and Plaintiff] clicked through and accepted that provision, then the arbitration provisions shown to him are arbitration agreements enforceable by the lenders under the Federal Arbitration Act ('FAA')." *Dillon*, 173 F. Supp. 3d at 262. Accordingly, Plaintiff's assertion that she clicked through the agreements without reviewing the details is unavailing.

In short, Plaintiff offers no basis to question the simple and proven fact that her loans are held by Navient and that Navient is entitled to enforce the arbitration provisions contained in those agreements.

## III. CONCLUSION

For these reasons, the Court should grant Defendant Navient's Motion To Compel Arbitration and order Plaintiff to arbitrate her claims in the American Arbitration Association and dismiss, or in the alternative, stay these proceedings.

DATED: October 13, 2022

Respectfully submitted,

*/s/ Kendall M. Lovell*
Anthony W. Austin, Esq., NV Bar No. 10850
Kendall M. Lovell, Esq., NV Bar No. 15590
**FENNEMORE CRAIG, P.C.**
9275 W. Russell Rd., Suite 240
Las Vegas, Nevada 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: aaustin@fennemorelaw.com
Email: klovell@fennemorelaw.com

K. Elizabeth Sieg (admitted *pro hac vice*)
Benjamin J. Sitter (admitted *pro hac vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, Virginia 23219
Telephone: 804.775.1000
Email: bsieg@mcguirewoods.com
Email: bsitter@mcguirewoods.com

*Attorneys for Navient Solutions, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I hereby certify that on October 13, 2022, a true and correct copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

/s/ Agnes R. Wong

# INDEX TO EXHIBITS

*Christina Fennell v. Navient Solutions, LLC*

Case No. 2:22-cv-01013-CDS-NJK

| EXHIBIT | DOCUMENT |
|---------|----------|
| A. | Declaration of Stephanie Box in Support of Defendant Navient Solutions, LLC's Reply In Support Of Motion To Compel Arbitration |